UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JAMES A. VERRET, SR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-1740 |
| DAIGLE TOWING SERVICES, LLC | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Defendant's motion for partial summary judgment. R. Doc. 13. Plaintiff opposes. R. Doc. 20. For the reasons that follow, the motion is DENIED.

### I. BACKGROUND

Plaintiff James Verret, Sr. brings this action to recover damages for injuries allegedly sustained while working for Defendant Daigle Towing Service, LLC ("Daigle Towing") aboard the M/V CAPT CJ. Plaintiff worked only one hitch while employed by Daigle Towing, from October 29, 2017 to November 3, 2017. During this time, Plaintiff claims he fell while attempting to climb into a top bunk bed on the vessel and injured his leg. Plaintiff alleges the bunk was unsafe because it did not have a ladder as a means of access to the top bunk. He seeks $1,000,000 in damages under the Jones Act and general maritime law for Daigle Towing's alleged negligence in failing to provide a safe work environment and for the alleged unseaworthiness of the vessel. Additionally, Plaintiff seeks $100,000 in maintenance and cure benefits and demands punitive damages in connection to Daigle Towing's denial of maintenance and cure.

Daigle Towing denies that the injury occurred on the vessel. Plaintiff did not report an incident or injury to Defendant or its employees while on board the vessel. At the end of his hitch, Plaintiff contacted Albert Daigle, owner of Daigle Towing, to discuss obtaining an employment physical, and did not mention an injury during this conversation. Furthermore, during the

1

employment physical, Plaintiff (1) did not mention an injury, and (2) completed a "General Physical Form" in which he circled "no" to "leg injury." He was cleared to work with no restrictions.

Four days later, Plaintiff visited Terrebonne General Medical Center with a hematoma on his left leg that he attributed to an incident aboard the M/V CAPT CJ. Mr. Daigle denied authorization for payment of Plaintiff's bill and issued a formal denial of Plaintiff's maintenance and cure claim after suit was filed.

## II. PRESENT MOTION

Defendant moves for partial summary judgment dismissing Plaintiff's claims for punitive and compensatory damages and attorneys' fees. Assuming, for the purposes of this motion, that Plaintiff is found at trial to be entitled to maintenance and cure, Defendant argues that he cannot satisfy his burden of showing that Defendant's denial of those benefits was arbitrary and capricious. Because Plaintiff's alleged injury was unwitnessed, unreported, and was not mentioned during his post-hitch employment physical, Defendant argues its denial of maintenance and cure is based on its reasonable defense that the injury did not occur while in service of the vessel, and instead occurred at some point during the four-day time period between disembarking the vessel and visiting Terrebonne General Medical Center with the injury. In opposition, Plaintiff argues there are questions of fact surrounding the nature and extent of Defendant's investigation of his maintenance and cure claim.

## III. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

A seaman injured while in the service of the vessel has a claim for maintenance and cure. Maintenance and cure "is implied in the employment contract between seaman and shipowner" and is "in no sense predicated on the fault or negligence of the shipowner." *Brister v. A.W.I.*, 946 F.2d 350, 360 (5th Cir. 1991) (quoting *Aguilar v. Standard Oil of New Jersey*, 318 U.S. 724, 730

(1943)). A seaman may seek punitive damages for his employer's willful and wanton disregard of its maintenance and cure obligation. *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 424 (2009).

A shipowner is entitled to investigate and require corroboration before paying a claim for maintenance and cure. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). As the Fifth Circuit has explained:

> [T]here is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.

*Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), *abrogated on other grounds by Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), *abrogated on other grounds by Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

The willful and wanton conduct necessary to justify an award of punitive damages requires an element of bad faith. *Harper v. Zapata Offshore Co.*, 741 F.2d 87, 90 (5th Cir. 1985). Examples of employer behavior meriting punitive damages have included: (1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer, and (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically. *Tullos v. Res. Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir. 1985); *see also Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987) ("We think that [shipowner's] investigation of [plaintiff's] claim in this case, which did not include an inquiry of any physician (much less [plaintiff's] treating physicians) or a review of any of [plaintiff's] medical records, was impermissibly lax under any reasonable standard").

4

Here, there are genuine issues of material fact regarding the nature and extent of Defendant's investigation of Plaintiff's claim for maintenance and cure. Plaintiff testified that he called Mr. Daigle and informed him of his injury before seeking treatment, and that Mr. Daigle got angry and stated that he did not believe the injury occurred on the vessel. R. Doc. 20-2 at 18. Plaintiff contends that Mr. Daigle continued to deny maintenance and cure entirely on the basis of his disbelief of Plaintiff, without performing any investigation. Mr. Daigle claims that he was not notified of Plaintiff's injury until he was contacted by a hospital billing representative. Mr. Daigle further testified that he denied authorization for payment of Plaintiff's bill during that conversation because he had "talked to the captain on the boat" and was told that no one was aware that Plaintiff was injured. R. Doc. 20-5 at 3. The captain, however, testified that he was not contacted by Mr. Daigle until "a month or so" after Plaintiff disembarked the vessel. R. Doc. 20-14 at 5. Accordingly, there are issues of fact as to whether Defendant's denial of maintenance and cure was arbitrary and capricious.

## IV. CONCLUSION

Accordingly, Defendant's motion for partial summary judgment (R. Doc. 13) is hereby **DENIED**.

New Orleans, Louisiana, this 2nd day of January, 2019.

**ELDON E. FALLON**
United States District Judge